**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | |
|---|---|
| WSOU Investments, LLC d/b/a Brazos Licensing and Development,<br><br>              Plaintiff,<br><br>      v.<br><br>Canon Inc.,<br><br>              Defendant. | Case No. 6:20-cv-00982 |

**DEFENDANT CANON INC.'S**
**<u>MOTION TO DISMISS WSOU'S AMENDED COMPLAINT</u>**

**TABLE OF CONTENTS**

**PAGE**

INTRODUCTION .................................................................................................. 1

ARGUMENT ........................................................................................................ 3

    A.    Legal Standard ................................................................................ 3

    B.    The Complaint Fails to State a Claim for Direct Infringement ........................... 5

    C.    The FAC Fails to State a Claim for Induced Infringement.................................. 9

        i.    The Complaint Fails to Allege Canon's Knowledge of the '537 Patent.................................................................................... 9

        ii.    The Complaint Fails to Allege Canon Specifically Intended to Induce Infringement of the '537 Patent ................................................. 11

    D.    The Complaint Fails to State a Claim for Contributory Infringement................. 14

CONCLUSION.................................................................................................... 17

CERTIFICATE OF SERVICE ................................................................................ 17

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Addiction & Detoxification Inst. L.L.C. v. Carpenter*,
620 F. App'x 934 (Fed. Cir. 2015) ......................................................................12

*Affinity Labs of Texas, LLC v. Toyota Motor North America*,
No. 13-cv-00365, 2014 WL 2892285 (W.D. Tex. May 12, 2014) ...............................4, 13, 15

*Aguirre v. Powerchute Sports, LLC*,
No. 10-cv-00702, 2011 WL 2471299 (W.D. Tex. June 17, 2011) ...................................3, 10

*Aguirre v. Powerchute Sports, LLC*,
No. 10-cv-00702, 2011 WL 3359554 (W.D. Tex. Aug. 4, 2011)..........................................9

*Artip v. Ball Corp.*,
735 F. App'x 708 (Fed. Cir. 2018) .......................................................................14

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)..............................................................................3, 4, 15, 16

*Atlas IP, LLC v. Exelon Corp.*,
189 F. Supp. 3d 768 (N.D. Ill. 2016) ...................................................................2, 9

*AXS Grp. LLC v. LISNR, Inc.*,
No. 17-cv-8413, 2018 WL 4804348 (C.D. Cal. May 25, 2018) ..........................................14

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544 (2007).....................................................................................3, 4

*In re Bill of Lading Transmission & Processing Sys. Patent Litig.*,
681 F.3d (Fed. Cir. 2012)..............................................................................15, 16

*Blackberry Ltd. v. Nokia Corp.*,
No. 17-cv-00155, 2018 WL 1401330 (D. Del. Mar. 20, 2018).............................................14

*Body Fit Training U.S.A. Inc. v. F45 Training Pty Ltd.*,
2020 WL 8372966 (C.D. Cal. Dec. 3, 2020) ...........................................................13

*Brandywine Commc'ns Techs., LLC v. CenturyTel Broadband Servs., LLC*,
No. 12-cv-00286, 2014 WL 12866968 (M.D. Fla. Jan. 15, 2014) .........................................11

*Castlemorton Wireless, LLC v. Comcast Corp.*,
No. 20-cv-00034-ADA (W.D. Tex. July 25, 2020)......................................................10

*Chapterhouse LLC v. Shopify, Inc.*,
  No. 18-cv-00300, 2018 WL 6981828 (E.D. Tex. Dec. 11, 2018) ............................................5

*Commil USA, LLC v. Cisco Sys., Inc.*,
  135 S. Ct. 1920 (2015) ...................................................................................................4, 14

*De La Vega v. Microsoft Corporation*,
  No. 19-cv-00612-ADA, Dkt. 29 (Feb. 11, 2020) ............................................................2, 4, 16

*Fujitsu Ltd. v. Netgear Inc.*,
  620 F.3d 1321 (Fed. Cir. 2010) ...........................................................................................15

*Global-Tech Appliances, Inc. v. SEB S.A.*,
  563 U.S. 754 (2011) ...............................................................................................4, 10, 11, 12

*Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*,
  313 F.3d 305 (5th Cir. 2002) ...............................................................................................5

*Hypermedia Navigation LLC v. Google LLC*,
  No. 18-cv-01637, 2019 WL 1455336 (N.D. Cal. Apr. 2, 2019) ...........................................13

*Iron Oak Techs., LLC v. Acer Am. Corp.*,
  No. 6:17-cv-00143, 2017 WL 9477677 (W.D. Tex. Nov. 28, 2017) ................................4, 12

*Iron Oak Techs., LLC v. Dell, Inc.*,
  No. 1:17-cv-00999, 2018 WL 1631396 (W.D. Tex. Apr. 4, 2018) .........................................15

*Joao Control & Monitoring Sys., LLC v. Protect Am., Inc.*,
  No. 14-cv-00134, 2015 WL 3513151 (W.D. Tex. Mar. 24, 2015) ........................................12

*Loyalty Conversion Sys. Corp. v. Am. Airlines, Inc.*,
  66 F. Supp. 3d 829 (E.D. Tex. 2014). ....................................................................................5

*Orlando Commc'ns LLC v. LG Elecs., Inc.*,
  No. 14-cv-01017, 2015 WL 1246500 (M.D. Fla. Mar. 16, 2015) .........................................11

*Parus Holdings Inc. v. Apple Inc.*,
  No. 19-cv-00432-ADA, Dkt No. 101 (W.D. Tex. Jan. 31, 2020) ......................................3, 10

*Plano Encryption Techs., LLC v. Alkami Tech., Inc.*,
  No. 16-cv-01032, 2017 WL 8727249 (E.D. Tex. Sept. 22, 2017) ...........................................5

*Simplivity Corp. v. Springpath, Inc.*,
  No. 15-cv-13345, 2016 WL 5388951 (D. Mass. July 15, 2016) ...........................................11

*ZapFraud, Inc. v. Barracuda Networks, Inc.*,
  2021 WL 1134687 (D. Del. Mar. 24, 2021)**Error! Bookmark not defined.** ........................11

**Statutes**

Fed. R. Civ. P. 12(b)(6)...................................................................................................................1

Defendant, Canon Inc. ("Canon") hereby moves, under FED. R. CIV. P. 12(b)(6) and 12(c), to dismiss the first Amended Complaint and for judgment on the pleadings.

Plaintiff WSOU Investments, LLC d/b/a Brazos Licensing and Development ("WSOU" or "Plaintiff")'s first Amended Complaint ("FAC" or "Amended Complaint") fails to plausibly allege facts to support claims that Defendant Canon has directly or indirectly infringed U.S. Patent No. 8,588,537 (the "'537 patent"). WSOU's conclusory allegations, which merely parrot the governing statutory requirements for direct infringement, induced infringement and contributory infringement, fail to meet the pleading requirements of this Court and to address the deficiencies highlighted in Canon's initial motion to dismiss (Dkt. 13). Further, despite amending its Complaint to advance a completely new infringement theory, WSOU's own allegations confirm that the accused Canon products cannot infringe the '537 patent. Accordingly, the Court should dismiss WSOU's Amended Complaint and grant judgment in favor of Canon.

## INTRODUCTION

On October 19, 2020, WSOU filed its original Complaint accusing Canon of infringing the '537 patent. Dkt. 1. On March 15, 2021, Canon moved to dismiss WSOU's induced and contributory infringement claims pursuant to FED. R. CIV. P. 12(b)(6). Dkt. 13. Recognizing the deficiencies of its original Complaint, WSOU filed the FAC rather than oppose Canon's Motion to Dismiss. Dkt. 22. In doing so, WSOU completely abandoned its original infringement theory and, in a last-ditch effort to keep its case alive, now advances a theory that is internally inconsistent, illogical and wholly unsupported by *WSOU's own* factual allegations. "This change is so substantial that, in the context of what is required for [WSOU] to plead infringement against [Canon], it calls into question whether or not [WSOU] complied with the requirements of

Rule 11 when [WSOU] filed [its] Original Complaint." *De La Vega v. Microsoft Corporation*, No. 19-cv-00612-ADA, Dkt. 29 at 7 (Feb. 11, 2020) (Albright, J.).

With respect to direct infringement, the asserted claims require an image *compression* method that includes generating a *message* comprising both (1) wavelet coefficients (i.e., the compressed data), and (2) content denoting that detected errors below a predetermined threshold are insufficient to inhibit image reconstruction. In its Original Complaint WSOU asserted that the C-STORE Request and C-STORE Response messages provided by the "DICOM" industry standard meet these claim limitations. WSOU's FAC completely abandons this theory and now alleges that DICOM's support for the JPEG 2000 image compression standard satisfies the claim's wavelet compression standard. But WSOU does not allege how or even that the rest of the message claim limitation is met at all.

Putting aside WSOU's failure to show the claimed message, WSOU has not even shown that the accused product uses JPEG 2000. As shown in the DICOM Conformance Statement for Canon's product, which WSOU relies on in the FAC, DICOM does not require that every conforming product use every available feature of the DICOM standard. While JPEG 2000 is an available feature in the DICOM standard, it is not required to conform to the standard and as a matter of fact, Canon's product does not support JPEG 2000. So alleging conformance with DICOM, without a showing of use of JPEG 2000, does not plausibly allege infringement. *See Atlas IP, LLC v. Exelon Corp.*, 189 F. Supp. 3d 768, 776 (N.D. Ill. 2016) ("[the plaintiff] has brought a hopeless lawsuit of precisely the sort that the last decade's interpretation of and amendments to the Rules were intended to dispose of quickly and even to deter outright.").

With respect to indirect infringement, like the original Complaint, the FAC: (i) does not allege that Canon had pre-suit knowledge of the '537 patent, and (ii) it fails to identify facts to

support its allegation that Canon possessed specific intent to induce either pre-suit or post-suit infringement. The absence of any allegation of pre-suit knowledge (i.e., before WSOU's filing of the original Complaint) is fatal to WSOU's claim of pre-suit induced infringement. And the filing of an amended complaint that fails to include factual allegations of pre-suit knowledge does not somehow create a new claim of induced infringement. *See Aguirre v. Powerchute Sports, LLC*, No. 10-cv-00702, 2011 WL 2471299, at *3 (W.D. Tex. June 17, 2011) ("To the extent Aguirre relies on knowledge of Aguirre's patent after the lawsuit was filed, such knowledge is insufficient to plead the requisite knowledge for indirect infringement"). WSOU's allegations of post-suit induced infringement fare no better because WSOU has failed to provide any factual allegations to support an inference that Canon possessed specific intent to induce infringement. Indeed, WSOU's new infringement allegations are fundamentally flawed and fail to put Canon on notice of infringement.

WSOU's contributory infringement allegations similarly fail because they consist of no more than a generic two-paragraph recitation of the governing legal standard.

As a result, WSOU's claims of induced infringement and contributory infringement are deficient and should also be dismissed. *See, e.g.*, *Parus Holdings Inc. v. Apple Inc.*, No. 19-cv-00432-ADA, Dkt. 101 (W.D. Tex. Jan. 31, 2020) (Albright, J.) (granting motion to dismiss claims of induced infringement and contributory infringement).

## ARGUMENT

### A. Legal Standard

To survive a motion to dismiss, a complaint must allege sufficient facts that, if accepted as true, "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "The plausibility standard is not met unless the 'plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged.'" *De La Vega v. Microsoft Corporation*, No. 19-cv-00612-ADA, Dkt. 29 at 3 (Feb. 11, 2020) (Albright, J.) (citing *Iqbal*, 556 U.S. at 662). "***Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.***[1]" *Id.* (emphasis added).

To plausibly allege a claim of induced infringement, a plaintiff must allege *facts* showing that the defendant: (1) had actual knowledge of the patent; (2) knowingly induced its customers and end users to infringe the patent; and (3) had specific intent to induce the infringement of the patent. *Iron Oak Techs., LLC v. Acer Am. Corp.*, No. 6:17-cv-00143, 2017 WL 9477677, at *4 (W.D. Tex. Nov. 28, 2017). "[I]nduced infringement under § 271(b) requires knowledge that the induced acts constitute patent infringement." *Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 766 (2011). To meet the *Iqbal* and *Twombly* pleading standards, an induced infringement claim "must contain facts plausibly showing that [the defendant] specifically intended [its] customers to infringe the [asserted] patent and knew that the customer's acts constituted infringement." *Affinity Labs of Texas, LLC v. Toyota Motor North America*, No. 13-cv-00365, 2014 WL 2892285, at *3 (W.D. Tex. May 12, 2014).

To establish contributory infringement, "the patent owner must demonstrate: 1) that there is direct infringement, 2) that the accused infringer had knowledge of the patent, 3) that the component has no substantial noninfringing uses, and 4) that the component is a material part of the invention." *Affinity Labs*, 2014 WL 2892285 at *8 (quotation marks omitted). "Like induced infringement, contributory infringement requires knowledge of the patent in suit and knowledge of patent infringement." *Commil USA, LLC v. Cisco Sys., Inc.*, 135 S. Ct. 1920, 1926 (2015).

---

[1] All emphasis throughout is added unless stated otherwise.

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Rule 12(c) "is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002) (citation and quotations omitted). The same standard applies to Rule 12(c) motions as Rule 12(b)(6) motions. *Id.* Further, in deciding a Rule 12(c) motion, a court "may consider not only the pleadings themselves, but also any exhibits to the pleadings or matters incorporated by reference in the pleadings, as long as all the material allegations of fact are undisputed and only questions of law remain to be decided by the court." *Loyalty Conversion Sys. Corp. v. Am. Airlines, Inc.*, 66 F. Supp. 3d 829, 834 (E.D. Tex. 2014). The ultimate question "is whether, viewed in the light most favorable to the plaintiff, the complaint states a valid claim for relief." *Id.*

### B.  The Complaint Fails to State a Claim for Direct Infringement

To state a claim for direct infringement, a plaintiff must "***explicitly plead facts*** to plausibly support the assertion that a defendant 'without authority makes, uses, offers to sell, or sells any patented invention during the term of the patent.'" *Plano Encryption Techs., LLC v. Alkami Tech., Inc.*, No. 16-cv-01032, 2017 WL 8727249, at *1 (E.D. Tex. Sept. 22, 2017) (citing 35 U.S.C. § 271(a)) (emphasis added). In particular, a plaintiff must "lay out sufficient factual allegations" to "allege ***how*** the [accused products] meet the text of the exemplary claim." *See Chapterhouse LLC v. Shopify, Inc.*, 18-cv-00300, 2018 WL 6981828, at *2 (E.D. Tex. Dec. 11, 2018) (dismissing direct infringement claim that failed to include factual allegations describing how the accused products infringed the claim) (emphasis added).

The FAC fails to plausibly allege or otherwise give Canon any reasonable basis to believe that the accused Canon CXDI Digital Radiography Systems infringes the '537 patent because its new infringement theory, which contradicts the infringement theory of the Original Complaint, is completely undermined by the very evidence WSOU cites in the FAC.

The '537 patent is directed to reducing the computing resources needed to decompress images by reducing the amount of data needed to encode images. '537 patent at 1:16-58. To solve this problem, the '537 patent discloses and claims compressing an image using wavelet compression and generating a message comprising both (1) at least one of the wavelet coefficients (i.e., the compressed data), and (2) content denoting that detected errors below a predetermined threshold are insufficient to inhibit image reconstruction. *See* '537 patent, claim 1.

***Preliminarily***, the FAC completely abandons the infringement theory asserted in the original Complaint. WSOU's original theory alleged that certain messaging formats used in the accused DICOM[2]-compliant CXDI Digital Radiography Systems—specifically, "C-STORE Request" and "C-STORE Response" messages—infringed the "generating … messages" element of the asserted claim. Dkt. 1-2 at 6-11. Recognizing that its original theory was fatally flawed for the reasons provided in Canon's original Motion to Dismiss (Dkt. 13), WSOU now alleges a new infringement theory —for the first time—that the DICOM transfer syntax satisfies the "compressing … generating a plurality of wavelet coefficients" element because it "can encode a JPEG 2000," and JPEG 2000 "is based on Discrete Wavelet Transform that utilizes the said wavelet coefficients to ***compress*** the image." Dkt. 22-2 at 8-9 (emphasis added).

---

[2] DICOM is the Digital Imaging and Communications in Medicine standard for the communication and management of medical imaging information and related data.

But WSOU's new theory is wrong. The accused Canon Systems transmit only **uncompressed** image data to the hospital's PACS;[3] Ex. C to the FAC confirms as much. Dkt. 22-5 at 113. WSOU alleges that Canon's accused product compresses data using the JPEG 2000 standard, but only relies on evidence from third parties that the DICOM standard can support JPEG 2000. WSOU appears to be making the logical leap that because Canon's accused product uses the DICOM standard, it must support every available aspect of the DICOM standard. But this is not true.

As shown by the DICOM Conformance Statement for Canon's Accused Product that WSOU relies on in the Amended Complaint, Dkt. 22-4, that document expressly states that "DICOM by itself does not guarantee interoperability," *i.e.*, not every DICOM compliant product will have all features of the standard. *Id.* at 9. Thus, the purpose of the DICOM conformance statement is to advise users as to the aspects of the DICOM standard that a particular product supports. For example, Section 2.2.1.3.2.2 of the Canon conformance statement reads:

---

[3] PACS refers to the Picture Archiving and Communication System, which is used for storing and accessing images across multiple devices. DICOM serves as the universal format for PACS image storage and transfer.

**2.2.1.3.2.2 Proposed Presentation Contexts**

CXDI NE is capable of proposing the Presentation Contexts shown in the following table:

**Table 2.2-9**
**Proposed Presentation Contexts for Activity Send Images**

| Presentation Context Table | | | | | |
|---|---|---|---|---|---|
| Abstract Syntax | | Transfer Syntax | | Role | Ext. Neg. |
| Name | UID | Name List | UID List | | |
| Digital X-Ray Image Storage-For Presentation | 1.2.840.10008.5.1.4.1.1.1.1 | Implicit VR Little Endian Explicit VR Little Endian Explicit VR Big Endian | 1.2.840.10008.1.2 1.2.840.10008.1.2.1 1.2.840.10008.1.2.2 | SCU | None |
| Computed Radiography Image Storage | 1.2.840.10008.5.1.4.1.1.1 | Implicit VR Little Endian Explicit VR Little Endian Explicit VR Big Endian | 1.2.840.10008.1.2 1.2.840.10008.1.2.1 1.2.840.10008.1.2.2 | SCU | None |
| Grayscale Softcopy Presentation State Storage | 1.2.840.10008.5.1.4.1.1.11.1 | Implicit VR Little Endian Explicit VR Little Endian Explicit VR Big Endian | 1.2.840.10008.1.2 1.2.840.10008.1.2.1 1.2.840.10008.1.2.2 | SCU | None |
| Storage Commitment Push Model | 1.2.840.10008.1.20.1 | Implicit VR Little Endian Explicit VR Little Endian Explicit VR Big Endian | 1.2.840.10008.1.2 1.2.840.10008.1.2.1 1.2.840.10008.1.2.2 | SCU | None |
| X-Ray Radiation Dose SR | 1.2.840.10008.5.1.4.1.1.88.67 | Implicit VR Little Endian Explicit VR Little Endian Explicit VR Big Endian | 1.2.840.10008.1.2 1.2.840.10008.1.2.1 1.2.840.10008.1.2.2 | SCU | None |

A Presentation Context for the Storage Commitment Push Model will only be proposed if the Remote AE is configured as an archive device.

*Id.* at 22. This table identifies the specific image coding formats ("Presentation Contexts")

supported by the Accused Product. If the Accused Product supported JPEG 2000, Canon's

Conformance Statement would say so. It does not. Contrary to providing a plausible basis to

show Canon infringes the asserted patent WSOU's Amended Complaint shows the opposite.

The Amended Complaint is also internally inconsistent and illogical. The FAC alleges

that the claimed wireless transmission occurs when the CXDI X-Ray detector wirelessly

transmits images ***to the PC*** and its CDXI Control Software NE. Dkt. 22-2 at 13 and 19. The FAC

further asserts (incorrectly) the CDXI Control Software NE on the PC compresses the images to

create wavelets. Dkt. 22-2 at 6. In other words, the FAC illogically asserts that the wireless

transmission—which according to the asserted claim includes the compressed data—occurs before the alleged compressed wavelet data is even created. Such illogical assertions cannot plausibly allege infringement.

Thus, WSOU has failed to adequately plead direct infringement. *See, e.g.*, *Atlas IP, LLC v. Exelon Corp.*, 189 F. Supp. 3d at 775 (dismissing the direct infringement claims; "given the investigation that Rule 11(b) requires … it is difficult to imagine how an action for infringement could be brought without a tentative but nonetheless coherent theory of … how the accused products practice … each of [the asserted claims'] elements.").

Thus, WSOU's new infringement theory as advanced in the FAC fails to plausibly allege a claim for direct infringement.

### C.  The FAC Fails to State a Claim for Induced Infringement

The FAC alleges that Canon indirectly infringes the '537 patent since at least October 19, 2020 by inducing "acts of infringement by its affirmative actions of intentionally providing the Exemplary Defendant Products that when used in their normal and customary way as desired and intended by Defendant, infringe one or more claims of the '537 patent." FAC, ¶ 16. Because WSOU fails to allege pre-suit Canon knowledge of the '537 patent or specific intent by Canon to induce infringement of these patents, WSOU's claims of induced infringement should be dismissed.

#### i.   The Complaint Fails to Allege Canon's Knowledge of the '537 Patent

As a threshold issue, a claim of indirect infringement must adequately plead the basis for knowledge of the existence and alleged infringement of the '537 patent. *See Aguirre v. Powerchute Sports, LLC*, No. 10-cv-00702, 2011 WL 3359554, at *5 (W.D. Tex. Aug. 4, 2011) ("Absence of knowledge is a fatal flaw in a claim for indirect patent infringement.").

The FAC fails to allege any facts supporting an allegation of pre-suit knowledge of the '537 patent. Rather, WSOU alleges only that "[s]ince at least October 19, 2020 [the date the original Complaint was filed], Defendant has committed, and continues to commit, affirmative acts that cause infringement, literally and/or by the doctrine of equivalents, of one or more claims of the '537 Patent with knowledge of the '537 Patent and knowledge that the induced acts constitute infringement of one or more claims of the '537 Patent." FAC, ¶ 15.

First, neither the filing nor service of the original Complaint in October of 2020, imparts to Canon *pre-suit* knowledge as to the existence of the '537 patent. Absent any allegations that Canon had pre-suit knowledge, WSOU's claim of pre-suit indirect infringement is a nonstarter. *See Castlemorton Wireless, LLC v. Comcast Corp.*, No. 20-cv-00034-ADA, Text Order Granting Motion to Dismiss (W.D. Tex. July 25, 2020) (Albright, J.) (dismissing plaintiff's pre-suit induced infringement claims for failure to "plead sufficient facts that would support an allegation of pre-suit knowledge").

Second, WSOU's claims of post-suit induced infringement also fail. Consistent with Supreme Court precedent in *Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 766 (2011), this Court has held that claims of indirect infringement that rely on a complaint to supply the only alleged knowledge of the asserted patents fail to meet the pleading standard for induced infringement and must be dismissed. *See, e.g.*, *Parus Holdings Inc. v. Apple Inc.*, No. 19-cv-00432-ADA, Dkt. 101 (W.D. Tex. Jan. 31, 2020) (Albright, J.) (granting motion to dismiss plaintiff's claims of induced infringement and contributory infringement where plaintiff had alleged defendant's "knowledge" "[a]t least as of the filing of the original complaint"); *Aguirre*, 2011 WL 2471299, at *3 ("To the extent Aguirre relies on knowledge of Aguirre's patent after the lawsuit was filed, such knowledge is insufficient to plead the requisite knowledge for indirect

infringement."). Other district courts have agreed with this approach, noting that the "'knowledge via filing' framework dilutes the knowledge requirement to the point of meaninglessness, since by virtue of being sued for infringement, a party necessarily is aware of the patent-in-suit." *Simplivity Corp. v. Springpath, Inc.*, No. 15-cv-13345, 2016 WL 5388951, at *8 (D. Mass. July 15, 2016); *see also ZapFraud, Inc. v. Barracuda Networks, Inc*., 2021 WL 1134687, at *4 (D. Del. Mar. 24, 2021)**Error! Bookmark not defined.** ("It seems to me neither wise nor consistent with principles of judicial economy to allow court dockets to serve as notice boards for future legal claims for indirect infringement"); *Orlando Commc'ns LLC v. LG Elecs., Inc.*, No. 14-cv-01017, 2015 WL 1246500, at *9 (M.D. Fla. Mar. 16, 2015) ("If post-suit notification were permissible, then the knowledge / willful blindness requirement would be meaningless—*of course* alleged infringers have actual knowledge of the patent(s) at issue once they have received the complaint.") (emphasis in original); *Brandywine Commc'ns Techs., LLC v. CenturyTel Broadband Servs., LLC*, No. 12-cv-00286, 2014 WL 12866968, at *5 (M.D. Fla. Jan. 15, 2014) ("[P]re-suit knowledge of the patents-in-suit [is] required for induced infringement, because holding otherwise would vitiate the Supreme Court's holding in *Global-Tech* that an allegation of knowledge of the patent is required to state a claim for induced infringement, since the complaint would necessarily provide notice of the patents-in-suit.").

Thus, WSOU's failure to adequately plead knowledge of the '537 patent is fatal to its induced infringement claims.

> ii.  The Complaint Fails to Allege Canon Specifically Intended to Induce Infringement of the '537 Patent

WSOU also fails to plead facts from which it could be inferred that Canon had the specific intent to induce infringement as is required by the law. A claim of induced infringement "must contain facts plausibly showing that [the defendant] specifically intended [its] customers

to infringe the [asserted patents] and knew that the customers' acts constituted infringement." *Joao Control & Monitoring Sys., LLC v. Protect Am., Inc.*, No. 14-cv-00134, 2015 WL 3513151, at *4 (W.D. Tex. Mar. 24, 2015). "[T]he mere knowledge of possible infringement of a patent by others does not amount to inducement." *Iron Oak Techs., LLC v. Acer Am. Corp.*, No. 17-cv-00143, 2017 WL 9477677, at *4 (W.D. Tex. Nov. 28, 2017) (citing *Global-Tech Appliances*, 563 U.S. at 766). "Specific intent and action to induce infringement" are necessary; WSOU must allege that Canon took "affirmative steps to bring about the desired result [of infringement]." *Id.* (quoting *Global-Tech Appliances*, 563 U.S. at 760).

The FAC alleges merely that Canon "distribute[s] product literature and website materials inducing end users and others to use its products in the customary and intended manner that infringes the '537 patent." FAC, ¶ 14. According to WSOU, Canon "therefore actively, knowingly, and intentionally has been and continues to induce infringement of the '537 patent." FAC, ¶ 17. These allegations are woefully inadequate. Indeed, for the reasons described in Section B, *supra*, the FAC fails to give Canon any reasonable basis to believe that the accused Canon CXDI Digital Radiography Systems infringes the '537 patent.

Beyond these significant substantive deficiencies, or perhaps because of them, WSOU fails to state a claim because the FAC provides nothing more than "naked assertions," "devoid of further factual enhancement." *Iron Oak Techs., LLC*, 2017 WL 9477677, at *5-6. Indeed, the Federal Circuit and this Court have consistently considered and dismissed similar allegations for failing to meet the pleading standard for specific intent. *See, e.g.*, *Addiction & Detoxification Inst. L.L.C. v. Carpenter*, 620 F. App'x 934, 938 (Fed. Cir. 2015) (affirming dismissal of indirect infringement claims and denial of motion to amend complaint; noting that induced infringement may not be pled by simply setting forth conclusory allegations that a defendant "acted with

specific intent" or acted to "urge, instruct, [and/or] encourage" infringement); *see also Affinity Labs*, 2014 WL 2892285, at *7 (holding that plaintiff's unsupported allegations that defendant has "encouraged and is encouraging" its customers to infringe the Asserted Patents by marketing and selling its automobiles with sound systems failed to support the standards for induced infringement).

WSOU's passing reference to "product literature and website materials" does not provide any factual basis for alleging specific intent to induce infringement. *See Hypermedia Navigation LLC v. Google LLC*, No. 18-cv-01637, 2019 WL 1455336, at *2 (N.D. Cal. Apr. 2, 2019) (dismissing claims of induced infringement and holding that plaintiff's "passing references to user manuals guides, and support articles" cannot be relied on to infer specific intent). Indeed, the FAC is silent as to *how* Canon—without any knowledge of the asserted patent—providing its customers with "product literature and website materials" for products they have purchased supports an *inference* of specific intent to induce infringement. *See id.* at *3 (noting "the complaint only states bald conclusions that an end user following YouTube instructions results in infringement" and fails to "detail *how* an end user would infringe Hypermedia's patents by following instructions in the link") (emphasis in original).

The FAC's naked citations to a YouTube video and ten websites does not cure this defect. This is particularly so because the FAC relies on websites that ***are not maintained by defendant, Canon Inc. at all*** but by a totally separate, independent, non-parties, including Canon U.S.A., Inc., and Canon Medical Component USA, Inc., who are responsible for marketing and distributing the accused product in the U.S. And, the FAC fails to allege any viable basis to assert how the websites maintained by these independent, non-party companies can properly be attributed to Canon Inc., the sole defendant here. *See, e.g., Body Fit Training U.S.A. Inc. v. F45*

13

*Training Pty Ltd.*, 2020 WL 8372966 (C.D. Cal. Dec. 3, 2020) (holding that a non-party U.S. subsidiary's management of a website cannot be attributed to the foreign parent defendant).

The FAC likewise fails to address how the websites of a ***completely unaffiliated third party***—CMS Imaging, Inc.—can be attributed Canon Inc. *See AXS Grp. LLC v. LISNR, Inc.*, No. 17-cv-8413, 2018 WL 4804348, at *4 (C.D. Cal. May 25, 2018) (dismissing direct and indirect infringement claims where the amended complaint failed to include allegations attributing a third party's actions to the defendant). The Court should not permit WSOU to rely on the materials of U.S. subsidiaries and an unaffiliated third party, which WSOU deliberately decided not to name as defendants in this action. Thus, in short, the FAC simply fails to include any facts supporting an inference of specific intent.

Without any factual basis from which the Court could infer that Canon had the specific intent to induce infringement, WSOU's allegations of induced infringement cannot meet the standards set forth in *Iqbal* and *Twombly* and enforced in prior patent infringement actions by this Court.

### D.  The Complaint Fails to State a Claim for Contributory Infringement

As discussed above, WSOU's failure to allege Canon's knowledge of the '537 patent dooms its claims of indirect infringement. *See Artip v. Ball Corp.*, 735 F. App'x 708, 713 (Fed. Cir. 2018) (citing *Commil*, 135 S. Ct. at 1926) ("To survive a motion to dismiss, a plaintiff alleging contributory infringement must plausibly allege that the accused infringer knew of the asserted patents.").

Claims of contributory infringement must be "more than boilerplate recitations of the elements of … contributory infringement." *Blackberry Ltd. v. Nokia Corp.*, No. 17-cv-00155, 2018 WL 1401330, at *4 (D. Del. Mar. 20, 2018) (dismissing contributory infringement claims).

14

Required are *factual* allegations that the accused component "has no substantial noninfringing uses." *Affinity Labs*, 2014 WL 2892285, at *8 (quoting *Fujitsu Ltd. v. Netgear Inc.*, 620 F.3d 1321, 1326 (Fed. Cir. 2010)). A "conclusory allegation" that "components provided by" the accused infringer "are not staple articles of commerce suitable for substantial non-infringing use" is "no more than a 'threadbare recital' of one of the elements." *Iron Oak Techs., LLC v. Dell, Inc.*, No. 1:17-cv-00999, 2018 WL 1631396, at *2 (W.D. Tex. Apr. 4, 2018) (quoting *Iqbal*, 556 U.S. at 678) (dismissing contributory infringement claims). In other words, it is insufficient to assert "nothing more than 'if you use this device to perform the patented method, the device will infringe and has no noninfringing uses.'" *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d, 1323, 1338 (Fed. Cir. 2012) (affirming dismissal of contributory infringement claims).

WSOU's contributory infringement claims (FAC, ¶¶ 18-19) do not even approach these standards. They are a textbook example of the "threadbare recital" of elements precluded by this Court's precedent and *Iqbal*/*Twombly*:

> **Contributory Infringement.** Since at least October 19, 2020, Defendant has committed, and continues to commit, contributory infringement … by, inter alia, ***knowingly selling the Exemplary Defendant Products*** that when used cause the direct infringement … by a third party, and which have no substantial non-infringing uses, ***or include a separate and distinct component*** that is especially made or especially adapted for use in infringement … and is not a staple article or commodity of commerce suitable for substantial non-infringing use.

> ***Defendant therefore actively, knowingly, and intentionally has been and continues to materially contribute*** to its customers', purchasers', developers', and end users' infringement … ***by selling Exemplary Defendant Products to them*** for use in end user products in a manner that infringes … The Exemplary Defendant Products are especially made or adapted for infringing the '537 Patent and have no substantial non-infringing use. For example, in view of the preceding paragraphs and Exhibit 2, the Exemplary Defendant Products contain functionality which is material to at least one claim of the '537 patent.

*De La Vega v. Microsoft Corporation*, No. 19-cv-00612-ADA, Dkt. 29 at 3 (Feb. 11, 2020) (Albright, J.) (citing *Iqbal*, 556 U.S. at 662) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). WSOU's assertion plainly fails basic pleading standards—WSOU simply recites the legal requirements for contributory infringement. WSOU's assertion is so generic that it resembles the hypothetical contributory infringement claim explicitly rejected in *In re Bill of Lading*. *Compare id.* (Canon's products "have no substantial non-infringing use. … the Exemplary Defendant Products contain functionality which is material to at least one claim of the '537 patent."), *with* 681 F.3d at 1338 ("if you use this device to perform the patented method, the device will infringe and has no noninfringing uses"). Indeed, WSOU copied-and-pasted these exact paragraphs—which constitute the entirety of WSOU's contributory infringement claim—into its two other amended complaints against Canon accusing two different products.[4] Such generic allegations are plainly deficient and warrant dismissal.

Finally, the accused CXDI Digital Radiography Systems are fundamentally used in radiography applications, such as taking digital x-rays. The CXDI Systems produce high resolution images and feature high sensitivity to help reduce x-ray exposure to the patient. In this regard, the CXDI Systems' data compression and wireless transmission capabilities represent additional minor functionality for accessing system generated data. Accordingly, far from having ***no non-infringing uses***—as contributory infringement requires—the vast majority of the use, value, and functionality of the CXDI Digital Radiography Systems has nothing to do with its data compression and wireless transmission capabilities.

---

[4] *WSOU Investments, LLC d/b/a Brazos Licensing and Development v. Canon Inc.*, No. 20-cv-00980, Dkt. 27, ¶¶ 19-20 (April 12, 2021); *WSOU Investments, LLC d/b/a Brazos Licensing and Development v. Canon Inc.*, No. 20-cv-00981, Dkt. 22, ¶¶ 18-19 (April 12, 2021).

## CONCLUSION

For the foregoing reasons, Canon respectfully requests that the Court dismiss WSOU's

Amended Complaint and grant its motion for judgment on the pleadings under Rule 12(c) that

Canon does not infringe the '537 patent.

Dated: April 26, 2021                              Respectfully Submitted,


                                                   */s/ John M. Jackson*

                                                   John M. Jackson (Texas Bar No. 24002340)
                                                   jjackson@jw.com
                                                   **JACKSON WALKER, LLP**
                                                   2323 Ross Avenue, Suite 600
                                                   Dallas, TX 75201
                                                   Tel: (214) 953-6000
                                                   Fax: (214) 953-5822

                                                   Richard F. Martinelli (*pro hac vice*)
                                                   rmartinelli@orrick.com
                                                   Joseph A. Calvaruso (*pro hac vice*)
                                                   jcalvaruso@orrick.com
                                                   **ORRICK, HERRINGTON & SUTCLIFFE LLP**
                                                   51 West 52nd Street
                                                   New York, NY 10019-6142
                                                   Tel: (212) 506-5000
                                                   Fax: (212) 506-5151

                                                   *Attorneys for Defendant*
                                                   *Canon Inc.*

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically on the

26th day of April, 2021 in compliance with CV-5 and has been served on all counsel who have

consented to electronic service and all other counsel by regular mail.



                                                   */s/ John M. Jackson*

                                                   John M. Jackson

17